**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TYRON JAMES,

        Petitioner - Appellant,

    v.

JAMES HEIMGARTNER;
ATTORNEY GENERAL OF
KANSAS,

        Respondents - Appellees.

No. 17-3080
(D.C. No. 5:15-CV-03116-CM)
(D. Kansas)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **KELLY**, **MURPHY,** and **MATHESON**, Circuit Judges.

This matter is before the court on Tyron James's pro se request for a

certificate of appealability ("COA").[1] James seeks a COA so he can appeal the

dismissal of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A).

Because he has not "made a substantial showing of the denial of a constitutional

---

[1]Also pending before this court is a motion for leave to proceed on appeal
in forma pauperis. Because the district court entered an order on September 13,
2017, granting James's Motion for Leave to Appeal in Forma Pauperis, we **deny**
the identical motion James filed in this court as moot.

right," *id.* § 2253(c)(2), this court **denies** James's request for a COA and **dismisses** this appeal.

Following a jury trial in Kansas state court, James was convicted of two counts of "first-degree premeditated murder. *State v. James*, 109 P.3d 1171, 1172 (Kan. 2005). The Kansas Supreme Court affirmed James's convictions and the resulting "concurrent hard 50 life sentences." *Id.* at 1173-74. In an unpublished memorandum disposition, the Kansas Court of Appeals denied James's request for collateral relief, concluding "James failed to satisfy his burden to show that counsel's performance was constitutionally deficient or that counsel's performance prejudiced the defense and deprived him of a fair trial." *James v. State*, No. 105,984, 2013 WL 517625 at *4-5 (Kan. Ct. App. Feb. 8, 2013). The Kansas Court of Appeals thereafter affirmed the dismissal of a second state-court motion for collateral relief filed by James on the grounds it was successive and untimely. *James v. State*, No. 111,091, 2015 WL 1310738, at *3-7 (Kan. Ct. App. March 13, 2015). The state court specifically noted that the successive and untimely nature of James's second state-court motion for collateral relief was not excused by James's allegations of ineffective assistance of counsel in the proceedings on his first state-court motion for collateral relief because the record conclusively demonstrated those allegations were without merit. *Id.* at 7-9.

James then filed the instant § 2254 habeas corpus petition on May 11, 2015. The district court concluded James's petition was untimely under the provisions

of 28 U.S.C. § 2244(d). The district court noted it was uncontested that James's state-court convictions became final on July 21, 2005. James filed his first state-court motion for collateral relief on July 20, 2006. *See* 28 U.S.C. § 2244(d)(2) (providing that the one-year limitations period is tolled during the time "a properly filed application for state post-conviction or other collateral review . . . is pending"). When the Kansas Court of Appeals denied relief on August 19, 2013, James had but one day left before the limitations period set out in § 2244(d) expired. Instead of filing a § 2254 petition, James filed a second state-court motion for collateral relief. Thus, the only way James's § 2254 petition could be timely was if his second state-court motion for collateral relief tolled the limitations period set out in § 2244(d). The district court decided the answer to that question was "no," concluding James's § 2254 motion was untimely because the state court had determined the second motion was not properly filed (i.e., untimely and successive). *See Burger v. Scott*, 317 F.3d 1133, 1139 (10th Cir. 2003) (federal courts look to state procedural law to determine whether a state petition is properly filed). Thus, that motion could not serve to toll the limitations period, meaning the limitations period expired on August 20, 2013, and James's May 11, 2015 federal habeas petition was filed more than a year too late. The district court further determined James was not entitled to equitable tolling because he had not acted diligently and because he could not credibly

claim any delay in the filing of his federal petition was caused by ineffective assistance of counsel in his first state-court collateral proceeding.

The granting of a COA is a jurisdictional prerequisite to James's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). When a district court dismisses a § 2254 petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Although James need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338. As a further overlay on this standard, we review for abuse of discretion the district court's decision that James is not entitled to have the limitations period in § 2244(d) equitably tolled. *See Burger*, 317 F.3d at 1141.

-4-

Having undertaken a review of James's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude James is not entitled to a COA. The district court's conclusion that James's petition is untimely is clearly correct. Furthermore, it cannot reasonably be asserted the district court abused its discretion in denying James's request for equitable tolling. Indeed, in his filings before this court on appeal, James does not even address the district court's rulings on timeliness and equitable tolling. Instead, he merely argues the merits of his § 2254 habeas petition. Accordingly, this court **DENIES** James's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge